UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60760-CIV-COHN/SELTZER

STATE NATIONAL INSURANCE
COMPANY,

       Plaintiff,

vs.

AL LAMBERTI, in his official capacity
as Sheriff of Broward County Florida,
and BROWARD COUNTY SHERIFF'S
OFFICE,

       Defendants.
_____/

SHERIFF AL LAMBERTI, in his official capacity
as Sheriff of Broward County Florida,

       Counter-Plaintiff,

vs.

STATE NATIONAL INSURANCE COMPANY,

       Counter-Defendant.
_____/

ORDER ON MOTION TO COMPEL PRODUCTION

THIS CAUSE is before the Court on Plaintiff State National Insurance Company's Motion to Compel Production and Incorporated Memorandum of Law (DE 33), Defendants/Counter-Plaintiff's Memorandum of Law in Opposition to Plaintiff/Counter-Defendant's Motion to Compel Production Dated 1/23/09 (DE 51), and State National Insurance Company's Reply in Support of its Motion to Compel Production (DE 60). For

the reasons set forth below, it is hereby ORDERED that the Motion is GRANTED in part and DENIED in part.

## BACKGROUND

This is a declaratory action involving the interpretation of a Public Entity Excess Liability Policy (the "Policy") issued by State National Insurance Company ("State National") to the Broward County Sheriff's Office ("BSO"); the Policy was in effect from October 1, 2003, to October 1, 2008.[1] State National's policy provides coverage for at least two areas – Commercial General Liability and Business Auto;[2] it also contains a Self-Insured Retention provision ("SIR").[3] Under a self-insured retention provision, an insured is responsible for its own defense and indemnity costs up to the amount of its self-insured retention; the insurance company's excess coverage attaches after the insured has exhausted the required SIR. The parties here agree that the SIR provision applies to both the Commercial General Liability and Business Auto coverage areas.

The Policy also contains a Personal Injury Liability Coverage Applicable to Police/Peace Officers Only ("PILPPO") provision. State National argues that under the plain, unambiguous language of the Policy, the PILPPO is an endorsement that is part of the Commercial General Liability coverage, and, therefore, the SIR applies. By contrast, BSO argues that under the plain, unambiguous language of the Policy, the PILPPO

---

[1] In addition to a request for declaratory relief, Sheriff Al Lamberti, in his official capacity, has asserted counter-claims for breach of contract and specific performance.

[2] The Policy also contains several endorsements not at issue here.

[3] For the policy year October 1, 2003 – October 1, 2004, the SIR was $300,000 per occurrence; the SIR was thereafter changed to $500,000 per occurrence.

provision is a separate, third coverage area to which the SIR does not apply. <u>See</u> Defendants/Counter-Plaintiff's Motion for Partial Summary Judgment (DE 38) and State National's Motion for Summary Judgment (DE 39).[4]

<u>SPECIFIC REQUESTS FOR PRODUCTION</u>

State National now moves to compel BSO to produce documents responsive to Requests 17-20 of its Second Request for Production of Documents. Each of these Requests seek documents relating to North River Insurance Company ("North River"). North River provided coverage to BSO prior to State National's coverage. Requests 17-20 state:

> 17. All documents related to prior litigation regarding insurance and/or insurance coverage, including, but not limited to, any prior litigation with North River Insurance Company.
>
> 18. Each document relating to the underwriting and contract negotiations between you [BSO] and North River Insurance Company.
>
> 19. Each document related to any North River Insurance Company claims files.
>
> 20. Each document relating to any insurance coverage provided to BSO by North River Insurance Company.

State National also has subpoenaed documents directly from North River; the subpoena *duces tecum* requested "each document relating to the underwriting, negotiation and placement of insurance agreements with BSO." According to BSO, North River has produced to State National all non-privileged, responsive documents, consisting of 794

---

[4] The parties also disagree as to what constitutes an "occurrence."

pages (including the North River policy).

BSO has objected to its production of the North River documents on the grounds that the requested documents are not relevant to the subject matter of this action and that the requests are not reasonably calculated to lead to admissible evidence.  Additionally, BSO objected to each of the requests on the following grounds:

> [T]he request is overly broad, vague, ambiguous and unduly burdensome or expensive as the proposed discovery outweighs its likely benefit, considering the needs in this particular case, the amount in controversy, the parties resources, the importance of the issues at stake in this action and the importance of the discovery in resolving the issues in this particular action.

As to relevancy, BSO argues that this action involves only the interpretation of State National's policy and, therefore, North River's documents have no bearing on the issues herein as North River is a totally unrelated and different insurance company than State National.  Further, BSO argues that the requests pertaining to North River's documents are not likely to lead to admissible evidence.  In their summary judgment motions, both State National and BSO contend that the insurance contract in dispute is unambiguous. Under Florida law, parol evidence is not admissible to contradict or modify an unambiguous contract. Kipp v. Kipp, 844 So. 2d 691, 693, 694 (Fla. 4th DCA 2003) ("This court has consistently held that parol evidence is not admissible where terms of contract are complete and unambiguous"; "[t]he fact that both sides ascribe different meanings to the language does not mean the language is ambiguous so as to allow the admission of extrinsic evidence."); McKay v. State Farm Fire and Cas. Co., 731 So. 2d 852, 855 (Fla. 4th DCA 1990) ("Parol evidence is not admissible where the terms of the contract are

complete and unambiguous."). Accordingly, BSO argues that the North River documents are not admissible to interpret the State National policy; State National must instead rely on the plain meaning of the policy it drafted and issued.

In response, State National contends that the North River policy is fundamentally similar to the policy at issue here. It argues that documents pertaining to prior coverage and to the claims or disputes stemming therefrom are relevant to establishing BSO's understanding and intent at the time it entered into the State National policy. According to State National, even were the two policies not similar, the North River documents would be relevant in establishing BSO's course of conduct in negotiating for and obtaining coverage with a SIR, as well as its course of performance during the time the policies were in effect. With respect to the admissibility of parol evidence (i.e, the North River documents), State National contends that both parties have advanced an alternative argument that the disputed provisions are ambiguous. It, therefore, contends that until the Court finds otherwise, State National is entitled to discover evidence of the parties' intent when entering into the contract. See Danforth Orthopedic Brace & Limb, Inc., v. Fla. Health Care Plan, Inc., 750 So. 2d 744, 776 (Fla. 5th DCA 2000) (reversing trial court's grant of summary judgment and remanding for fact finding based on extrinsic evidence of parties' intent where contract was ambiguous); see also World Triathlon Corp. v. Dawn Syndicated Productions, No. 05-CV-983-T27EAJ, 2007 U.S. Dist. LEXIS 1704, at *8 (M.D. Fla. Jan. 8, 2007) (rejecting argument that discovery should not be compelled where agreement was claimed to be unambiguous).

In addition to objecting on the ground of relevancy, BSO argues that the requests

5

are unduly burdensome.  In support, BSO states that Requests 17-20 all seek documents that predate the State National policy's October 1, 2003 effective date and, therefore, are at least more than five years old.  Since that effective date, BSO has undergone a reorganization and personnel change, including its Sheriff.  BSO contends, therefore, that the documents "would be extremely time consuming and difficult to locate."  Response at 3 (DE 51).

BSO additionally contends that Requests 17-20 are overly broad in that each uses the phrase "related to."  Courts have construed this phrase to be overly broad.  One district court has explained:

> It is true that the request in dispute is exceedingly broad, and not worded with sufficient clarity to allow a reasonable reader to know precisely what documents are sought.  For example, the phrase "documents related to Plaintiff's employment with the City" is susceptible to a broad meaning which could encompass any number of documents, many if not most of which would be irrelevant, insofar as plaintiff's claims and defendants' defenses are concerned.

Flaherty v. Seroussi, 209 F.R.D. 300, 305 (N.D.N.Y. 2002); see also Cooper v. Meridian Yachts, Ltd., No. 06-61630-CIV., 2008 WL 2229552, at *10 (S.D. Fla. May 28, 2008) (Rosenbaum, Mag. J.) ("courts have concluded that production requests that seek information 'relating to' subject areas are impermissibly overbroad") (citing Sonnino v. Univ. of Kan. Hosp. Auth., No. 02-2566-KHV-DJW, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004)).

The Court finds that Requests 17-20 are facially overly broad.  For example, Request 17 seeks all documents "related to prior litigation regarding insurance and/or insurance coverage."  This request is not limited in time, is not limited to North River

documents, and is not even limited to litigation similar to the instant action. And Request 19 seeks all documents "related to any North River Insurance Company claims files." Here, the parties dispute is whether a SIR provision applies to the PILPPO portion of State National's policy. The request, however, would require BSO to produce documents pertaining to unrelated claims (made under the North River policy) such as those involving automobiles and non-police personnel. Moreover, under the circumstances of this case, the Court finds that BSO's burden and expense in producing the North River documents outweighs whatever benefit State National may obtain from the documents, particularly given the questionable importance of the discovery in resolving the issues. See Fed. R. Civ. P. 26(b)(2)(C).[5] First, the relevancy of the documents sought is tenuous. The North River documents would be relevant (and admissible as parole evidence) only were the District Court to find that the insurance contract at issue is ambiguous, a finding that would be contrary to both parties' position. And even were the documents determined to be relevant, the discovery sought is cumulative and duplicative; State National has already obtained them directly from North River.[6] Accordingly, State National's motion to compel

---

[5] Federal Rule of Civil Procedure 26(b)(2)(C) provides that the court must limit the extent of discovery if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source more convenient, less burdensome, or less expensive" or if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(i) and (iii).

[6] Although the availability of documents from another source does not generally relieve a party of its discovery obligation, see Cent. Transp. Int'l, Inc. v. Global Advantage Dist., Inc., No. 2:06-cv-401-FtM-29sPC, 2007 U.S. Dist. LEXIS 81664, at *7 (M.D. Fla. Sept. 11, 2007), "it is a relevant factor, particularly where the claim being made is that the request is overly broad and the requirement of compliance is unduly burdensome."

BSO to produce the North River documents is DENIED.

## ADDITIONAL SEARCH FOR DOCUMENTS

State National also contends that BSO has not conducted an adequate search for (or produced) all documents responsive to its Request for Production. In support, State National identifies several documents produced by Marsh USA, BSO's insurance broker, and BSO's former risk manager that are arguably relevant to the issues herein. State National believes that these documents are "almost certainly" in BSO's possession. Motion at 4 (DE 33). It argues that "BSO's failure to turn over these documents raises questions about what other documents may not have been identified and produced." Id. at 5. State National now requests that the Court order BSO to conduct a thorough search for responsive documents and produce any that may be found.

BSO responds that it has conducted a diligent search for responsive documents, spending over 50 man-hours complying with the State National document requests. BSO has produced over 660 documents and made available 238 separate claims files; yet, State National is able to identify only 6 documents that it alleges it did not receive from BSO. BSO has proffered an explanation as to why it may not have ever received these documents or may not now have them in its possession. Nonetheless, "out of an abundance of caution," BSO has agreed to conduct an additional search to determine whether any other responsive documents exist.

State National replies that although BSO represented on February 19, 2009, that

---

Flaherty, 209 F.R.D. at 305. Moreover, the documents are not simply available from another source, State National has actually already obtained them from North River.

8

it would search for additional documents, as of March 4, 2009, State National had "not heard anything further." Reply at 2 (DE 60). Accordingly, it is hereby ORDERED that State National's motion to compel BSO to conduct an additional search for documents is GRANTED. It is further ORDERED that if BSO has not yet conducted its search (as agreed) it shall do so forthwith and that on or before March 19, 2009, BSO shall produce any additional responsive, non-privileged documents to State National or notify State National that no additional documents were found.

   DONE AND ORDERED in Fort Lauderdale, Florida, this 17th day of March 2009.

                                                    BARRY S. SELTZER
                                                    United States Magistrate Judge


Copies to:

All counsel of record